## GOODE *v.* SMITH AND WIFE.

IN acknowledgments to deeds, substantial conformity with the statute is sufficient.

The words "undue influence" being omitted in the acknowledgment of a wife, does not render it invalid.

A Justice of the Peace can take the acknowledgment of the wife to a deed of the homestead.

If a party permits his antagonist to prove a fact by secondary evidence, he cannot afterwards object that it was not proved by the best.

In chancery cases the Court below may disregard the verdict of a jury.

In chancery cases the Appellate Court will not notice minor errors, if on the whole record the decree be right.

APPEAL from the Eleventh District.

To the case stated by the Court, add, that the defendants set up in their answer that the property was their homestead at the time of the execution of the instrument sued on, and that it was obtained from them under threats of a criminal prosecution. Defendants appeal.

*Horace Smith,* for Appellants.

The deed is void because executed under duress and fear excited by threats of a criminal prosecution. (Forshay *v.* Ferguson, 5 Hill, 154; Story's Eq. Jur. Sec. 239.) Upon the other points discussed by counsel, the Court do not pass.

*E. B. Crocker,* for Respondent, argued that the acknowledgment of the wife to the deed was sufficient, though the words "undue influence" were' omitted ; and that a Justice of the Peace was authorized to take the acknowledgment of the wife to a deed of the homestead. This being joint, and not separate property, does not come within the case in 9 Cal. 591. (See Wood's Dig. 100, Sec. 4; p. 102, Sec. 21.)

A homestead cannot be claimed out of lands held in joint tenancy, or by tenancy in common. (5 Cal. 244; 6 Id. 165.)

As to duress, the jury found against defendants. They appeal.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

Bill filed, alleging that in 1853, plaintiff bought of Smith and Brown a tract of land, known as the "Kentucky Ranch," for three thousand two hundred dollars, which sum vendees received and divided; that, at the time of the purchase, Smith and Brown represented that there were no incumbrances on the land; but plaintiff, in 1855, discovered the premises had been mortgaged by S. and B. to one Kidd for one thousand eight hundred dollars, to secure a note due at sixty days, with interest at five per cent. per month from date, (23d April, 1853;) that this debt was for money borrowed of Kidd, which S. and B. used in the purchase of another ranch. That, on the 10th April, 1855, it was agreed, in consideration of the premises, between the plaintiff and Smith, that if plaintiff would pay or satisfy this demand of Kidd's, or get an assignment of it, the amount paid or expended for the purpose, (eight hundred dollars,) should be repaid to plaintiff by Smith by the 10th October afterwards; and that this last ranch—called the "Randolph Ranch"—should be held by plaintiff as security for the sum. An absolute deed was made to the plaintiff by Smith and wife for the Randolph Ranch, and an instrument of defeasance executed by the plaintiff. The bill is brought to foreclose the mortgage thus made.

Brown was not made a party to the proceeding, nor was it necessary.

The defendants answered, denying the allegations of the bill. A jury was empanneled, and rendered a verdict for the plaintiff.

The Court decreed in favor of the plaintiff upon the verdict and evidence.

The deed to the Randolph Ranch was executed by Smith and wife. It was acknowledged before a Justice of the Peace. The deed was objected to on the ground of defective acknowledgment on the part of the wife. The acknowledgment is as follows:

> "STATE OF CALIFORNIA, }
> 　　　　　　　　Placer County. }

On this 10th day of April, A. D. 1855, before me, a Justice of the Peace for said county, personally appeared P. H. Smith and Elizabeth Smith, his wife, to me personally known to be the individuals named in and who executed the foregoing instrument of writing, who acknowledged to me that they executed the same freely and voluntarily, and for the uses and purposes therein mentioned, and the said Elizabeth Smith being examined by me separate and apart from her husband, P. H. Smith, and without his hearing, acknowledged to me that she executed the same freely and voluntarily, and for the uses and purposes therein mentioned, without fear or compulsion, and that she did not wish to retract the same, well knowing the contents thereof, after due explanation by me made.

> 　　　　　　　　D. V. MASON, J. P.
> For Township No. 2, Placer County, Cal."

The Court held that the acknowledgment—the property being a homestead—was not sufficient as to the wife, but the deed was admitted as against the husband. The jury, however, found that the property was owned jointly by Smith and Brown; and the Court, therefore, held that no homestead rights attached.

1. We think that the acknowledgment was sufficient as to the husband and wife. It is true, that it does not follow the words of the statute, but this is not necessary. Substantial conformity is enough. The certificate shows a privy examination of the wife—that the deed was freely and voluntarily executed, without threats, fear, or compulsion.

It is true, it does not state that it was executed without undue influence; but it is difficult to see how a deed, freely and voluntarily executed, without fear, threats, or compulsion, could

be executed under undue influence, or, indeed, any extraneous influence at all.

2. There is nothing in the point that a Justice of the Peace cannot take an acknowledgment of a *feme covert* to a deed conveying a homestead, even if the objection be good when applied to a conveyance of separate estate. The statute, (Wood's Dig, 100, Sec. 4,) empowers Justices of the Peace to take acknowledgments; and Section 21, (page 102,) empowers any officer "authorized by this Act to take the proof or acknowledgment of any conveyance whereby any real estate is conveyed or may be affected, and such officer may take and certify the acknowledgment of a married woman to any such conveyance of real estate." We think the statute was intended to be uniform, and can see no reason why a Justice of the Peace should not be allowed to take an acknowledgment of a *feme covert* as well as a Notary. If compelled, by the express words of the Act in reference to the conveyances of the wife's separate estate, to hold to the contrary, we think we are neither compelled or permitted so to hold in regard to a deed of the homestead.

3. The deed having been admitted, the Court could attach to it all its legal weight; and it showed a valid contract on good consideration. The ground upon which the Court put its decision might well be maintained. It is true, the evidence of the witness who swore that the property was owned jointly by Smith and Brown, may not be the best mode of proving this fact; but no objection seems to have been taken to this kind of proof when offered, and if a party permits his antagonist to prove a fact by secondary evidence, we know of no rule which allows him afterwards to object that it was not proved by the best.

4. The jury found there was no duress; and if they had found to the contrary, this being a Chancery case, the Court would have been well justified in holding otherwise. The evidence shows that Smith and Brown did represent the Kentucky Ranch to be free from incumbrances; it was not. Smith and Brown were under the highest moral obligation to make good their representations. There is no proof that Smith was coerced into making this deed by any threat of criminal prosecution, even if there was sufficient proof that the plaintiff threatened to prosecute,

and that this threat was communicated. It is quite as charitable to suppose that Smith acted from a sense of moral obligation, as that he acted from a sense of fear. We are not disposed to interfere with the finding of the jury, and the judgment of the Court in this respect.

The other assignments we do not consider it necessary to notice. On the whole case, we think the plaintiff entitled to recover, and if minor errors intervened, as this is a Chancery cause, we would not notice them, if, on the whole record, the decree was right.

Judgment affirmed.