## CHARLES J. JANSON *v.* BENJAMIN S. BROOKS.

FORCIBLE ENTRY WILL NOT LIE AGAINST A SHERIFF FOR SERVING WRIT OF
RESTITUTION.—An action under the Act concerning forcible entries and unlawful
detainers will not lie against a party who has been put in possession by a Sheriff
in good faith, by virtue of a writ of restitution, even if the person turned out,
and who brings the action, was one whom the officer could not lawfully dispos-
sess by virtue of the writ.

SHERIFF NOT GUILTY OF FORCIBLE ENTRY IN SERVING WRIT OF RESTITUTION.—
A Sheriff is not guilty of a forcible entry, if, acting in good faith, by virtue of a
writ of restitution, he removes from the premises a person against whom the writ
does not run, and who is not in privity with any one against whom the writ does
run.

INCOMPETENT TESTIMONY ADMITTED.—If incompetent testimony is admitted with-
out objection, the Court will treat the testimony as competent on motion for non-
suit and on motion for a new trial.

APPEAL from the County Court, City and County of San
Francisco.

The facts are stated in the opinion of the Court.

*J. W. Winans,* for Appellant, argued that if it was con-
ceded that the respondent entered under a writ of restitution
issued in a suit to which appellant was not a party, the entry
and detainer would be forcible if any force or intimidation
were used, and cited *Chiles* v. *Stephens,* 1 A. K. Marshall,
333; *Howard* v. *Kennedy's Executors,* 4 Ala., N. S. 696;
*Horsefield* v. *Adams,* 10 Ala., N. S. 16; *Wattson* v. *Dowling,*
26 Cal. 125; and *Long* v. *Neville, ante,* 131.

*Brooks & Whitney,* for Respondent, argued that the action
of forcible entry would not lie against one who entered under
process, in good faith, and cited *Commonwealth* v. *Bigelow,* 3
Pick. 31; *State* v. *Gilbert,* 2 Bay, 355; *Davis* v. *Lee,* 2 B.
Mon. 300; and *Scott* v. *Newsom,* 4 Sneed, 457.

By the Court, SANDERSON, C. J.

This is an action for a forcible entry and detainer, brought before the constitutional amendments of 1862 took effect. The plaintiff was nonsuited in the Justice's Court, and appealed to the County Court, where he was again nonsuited. He now appeals to this Court, and claims that the judgment of the Court below was erroneous.

We do not deem it necessary to discuss the evidence offered by the plaintiff on the direct examination of his witnesses, for the purpose of determining whether it supports or tends to support the allegations of the complaint. It may be conceded that so much of the evidence as was elicited on the direct examination tended to support the complaint, and that in view of that testimony only the nonsuit ought not to have been allowed. But the plaintiff allowed, without objection, the defendant to prove on the cross-examination of his own witnesses a state of facts which in our judgment precludes his right to recover in this form of action. Thus it appears from the testimony of the plaintiff himself (who was not present at the time of the entry) that he received a message from the Sheriff to the effect that he had executed a writ of possession on the premises in favor of defendant Brooks. He also states that upon his return to the premises he was told by the defendant's servants, who were in possession, putting up a fence, that they were acting for Brooks, and that the Sheriff had been there and pointed out the lines.

William Meyer, the plaintiff's gardener, who was present at the time the defendant came to the premises, testified that the defendant there told him that his companion, Silverthorne, was a Sheriff; that he asked for Janson, the plaintiff, and said that he ought to be there, as they had come to take possession of the land in question; that the Sheriff told him about the men who had come there with him and the defendant, and what he had directed them to do, and also told him to tell Janson that the men were there, by his (the Sheriff's) orders.

Murray, another of plaintiff's witnesses, stated, on cross-

examination that he did not know Deputy Sheriff Silverthorne, but that some one came there with a writ, but did not remember reading or seeing the writ.

Murphy, another of plaintiff's witnesses, testified that the Deputy Sheriff put the defendant in possession. In short, we think it is very apparent from the whole tenor of the plaintiff's evidence that the entry complained of was actually made by the Deputy Sheriff, Silverthorne, under a writ of possession in favor of the defendant Brooks. Such being the case we think that the other circumstances in evidence tending to show a forcible entry are thereby explained, and the whole case thereby made shown not to be within the true intent and meaning of the Forcible Entry and Detainer Act.

*Does forcible entry and detainer lie by a party put out under a process ?*

Assuming that the plaintiff was put out by an officer under process not running against him or any one with whom he was in privity, the only question upon the case made by him is as to whether he can avail himself of the present remedy.

There seems to be but little authority bearing directly upon this point. It is insisted on the part of the appellant that in such cases forcible entry and detainer is the proper remedy. In support of this proposition *Chiles* v. *Stephens*, 1 A. K. Marshall, 333 ; *Stephens* v. *Chiles*, 1 Id. 334, (the same case); *Howard* v. *Kennedy*, 4 Ala., N. S. 592, and *Horsefield* v. *Adams*, 10 Ala., N. S. 1, are cited.

In *Chiles* v. *Stephens* and *Stephens* v. *Chiles*, it was held by a majority of the Court only, without any discussion of the question, that an entry upon premises under a writ of *habere facias possessionem*, in the actual possession under an adverse claim of one who was neither party nor privy to the writ, was unauthorized and illegal, and that such person so dispossessed might maintain a warrant of forcible entry and detainer to regain the possession. The Court was composed of three Judges, one of whom dissented and thought that an order of the Court from which the writ was issued was the proper remedy.

The question under consideration was not involved in the case cited from fourth Alabama. The question there was as to the effect of a judgment in ejectment upon persons in possession who are not parties or privies to the judgment, and claim a possession distinct from that involved in the action, and the case of *Chiles* v. *Stephens* was there cited, merely so far as it bears upon that proposition.

In *Horsefield* v. *Adams*, the point decided was that if one was unlawfully ejected by means of a writ of restitution in a suit to which he is neither a party nor privy, this furnishes no justification for him to forcibly eject him who is thus invested with the possession. The Court, in conclusion, merely suggests " that the remedy of such a party is by suit against the Sheriff for his entry under the writ, or against the plaintiffs in the writ for directing his eviction, or some other proceeding equivalent to a suit," citing *Chiles* v. *Stephens* and *Howard* v. *Holman*, already noticed. The two cases from Alabama therefore fail to sustain the proposition of the appellant, for they did not directly or indirectly involve the question under consideration, and to it the minds of the Court were not directed. Hence, so far as authority is concerned, the appellant is forced to rely solely upon *Chiles* v. *Stephens*, which case must be read in the light of the Forcible Entry and Detainer Act of that State, which differs materially from ours.

It will be observed that the Court, in *Chiles* v. *Stephens*, does not say that the entry of the officer under the circumstances there detailed is forcible, but that it is *unauthorized and illegal*, and therefore that Chiles could maintain a warrant for forcible entry and detainer. The foregoing language, and the conclusion drawn therefrom, is sustained by the Forcible Entry and Detainer Act of that State, which contains this clause : "The forcible entry intended by this Act is, and shall be, any entry, with or without multitude of people, *against the will or without the consent* of the person or persons having

28

the possession, in fact, of the premises into which such entry shall be made." Under this provision every entry against the will or without the consent of the party in possession is declared to be a forcible entry, regardless of the question of force. We think the case of *Chiles* v. *Stephens*, in view of the difference between the Forcible Entry and Detainer Act of Kentucky and our own,, has no application or force as authority in this State. The conditions are radically different.

This question came directly before the Supreme Court of Tennessee in the case of *Scott v. Newsom*, 4 Sneed, 457, which was an action of forcible entry and detainer by Newsom against Scott. In that case the land in controversy had been sold under a decree of the Court of Chancery, and purchased by Scott, which sale was subsequently confirmed and the legal title to the land vested in Scott by a decree of the Chancellor, and a writ of possession was issued and Scott put in the exclusive possession of the land by the Sheriff who turned out Newsom who was in the actual possession at the time. Newsom was not a party to the decree under which the land was sold, and he brought forcible entry and detainer to recover the possession. The Court said : "It may be conceded that if Newsom were not a party to the suit of *Glenn* v. *Ventriss' heirs and creditors*" (the suit in which the sale had been made) "his rights or interests in the land, if any he had, would not be affected by the proceedings or decree in the cause. But that is not now the question. The substance of the plea is that the defendant was put in possession by a ministerial officer of the law, under the authority and by. the command of a Court of competent jurisdiction ; and the question is, does that constitute a forcible entry and detainer within either the letter or spirit of the Act of 1821, or of any subsequent Act? This question needs only to be stated; it admits of no debate. The distinction between an entry under the circumstances before stated and an entry by a party of his own wrong, and by his own mere act, without color of authority of law, is sufficiently obvious to every mind of ordinary intelligence upon a moment's reflection." ＇ *    *    *    "The act of ·turning

the plaintiff out of possession may have been unauthorized, and contrary to law, because of the existence of facts not presented to the Chancellor in the record before him. If this were so, the plaintiff had an ample and summary remedy by petition to the Court, setting forth the facts, and asking to be restored to his possession; or, if he really had a superior title to the land, he might have resorted to an action of ejectment. But if he were a mere intruder on the land, with neither title nor right of possession, he has no just cause of complaint on the ground of being turned out."

The Court then proceeds to remark upon the abuse of the remedy under consideration, in language quite as appropriate in this State as in Tennessee, and we therefore quote it, without, however, desiring to be understood as applying it especially to the present case : " This remedy of forcible entry and detainer is greatly abused and perverted from its legitimate purposes, and has, perhaps, been productive of far more numerous and serious mischiefs than it was designed to prevent. Instead of being regarded as a remedy for the redress of some legal wrong, it would seem in many cases to be viewed rather as a proceeding intended for the special benefit of persons having no legal right. It must be restricted within its proper limits. And we hold that it is wholly inapplicable to a case like the present."

A distinction is attempted to be drawn by counsel for the appellant between the facts of the foregoing case and a case where there has been merely a recovery in ejectment and a writ of possession issued thereon, as in the present case, upon the ground that in the former the officer is acting under the *direct command* of the Court, and in the latter he is not. We are not able to perceive the alleged distinction. In both cases the writs are the same. Both issue by the command of the Court, and the power of the officer is no greater under the one than under the other.

In the case of *The Commonwealth* v. *Bigelow*, 3 Pick. 31, this question arose but was not expressly decided. Bigelow obtained judgment against one Winslow, and took out his

execution, which was delivered to an officer to be extended on Winslow's real estate. It was extended on certain real estate in the possession of Winslow, as tenant of one Russell. Thereupon process of forcible entry and detainer was sued out against Bigelow on behalf of Russell. At the argument, Mr. Chief Justice Parker said : " The Court were inclined to doubt whether forcible entry and detainer could be maintained where the entry was under a judgment and execution; and also whether this process could be maintained on behalf of Russell, since it appeared that Winslow, and not Russell, was the person turned out of possession.". Thereupon the case was again argued by counsel for the prosecution, and upon the next day the proceedings were quashed upon the ground last suggested by the Chief Justice.

The case of *Buckman* v. *Whitney et al.*, (decided by the late Supreme Court of this State, at its October term, 1863, but from some cause not reported,) was an action under the Forcible Entry and Detainer Act. The defendants had been put in possession by the Sheriff claiming to act under a writ of assistance. The principal question on the trial was whether the premises in question were embraced in the writ. The point was made that an action under the Forcible Entry and Detainer Act would not lie in such a case. This point was sustained by the Court. Mr. Chief Justice Cope and Mr. Justice Crocker delivered separate opinions, both arriving at the same result. Inasmuch as the case has not been reported, we quote at length: Mr. Chief Justice Cope said : " The complaint charges an unlawful entry and forcible and unlawful detainer, but we are of the opinion that the case made out does not come within the meaning of the statute. The statute provides for the maintenance of the action in three cases : First, where the entry is unlawful; second, where it is forcible ; and third, where it is lawful and peaceable, but the detainer is unlawful. Wherever the entry is forcible an action lies, and it lies in the absence of force where the entry is unlawful; but it is obvious that in this respect the language used is not to be taken in its ordinary sense. The term " unlawful "

embraces in its definition whatever is in violation of law ; and strictly speaking, a wrongful entry is an unlawful one ; but the mere fact that an entry is wrongful does not make it unlawful in the sense of the statute. The statute is penal as well as remedial, and punishment implies criminality in the offense—not only a wrong done, but a wrongful intent in the party doing it. Both are essential ; if either is wanting, the offense is not made out ; and to justify the punishment of an entry as unlawful, a wrongful intent is necessary to be shown. *An entry in good faith, under color of right,* is not within the statute ; the remedy was not intended for the adjustment of adverse claims, but as a means of redress and punishment in cases of wilful wrong. It was not intended as a substitute for an action of ejectment, as it undoubtedly would be if the statute were construed as applying in all cases where the entry is wrongful. We regard it as applying only in those cases where the entry is *mala fide* as well as wrongful ; and beyond this its provisions cannot with any propriety be extended. In the case before us the entry was made under color of process, and whether it was wrongful or not depends upon a question of boundary, which amounts in reality to a question of title. There is no doubt that the parties acted in good faith, and it would be unjust to deprive them of the possession except upon a full investigation of their rights. Such an investigation is impracticable in a proceeding of this character, and we find in the circumstances of the case nothing to justify an appeal to the statute."

Mr. Justice Crocker, after stating the case, said "It is evident from these facts that the plaintiff was not entitled to maintain this action. There is no evidence of any force, or violence, or any threats of personal violence, or any act whatever on the part of the defendants to show either a forcible entry or a forcible or unlawful detainer. This kind of an action was not intended to try such matters as appear to have been involved in the controversy between these parties, and it is a perversion of all the rules of law relating to the subject of forcible entries to attempt to try such issues in this action.

If it be true that the writ of assistance did not authorize the Sheriff to put the defendants in possession of the premises in controversy, the plaintiff had a plain, speedy and adequate remedy to correct the error or mistake by applying to the Court from whence the writ issued, which had full power to remedy any wrong which had been committed in the service of its process, or the plaintiff could have resorted to an action to recover the possession. But it is clear that this action of forcible entry was not a proper one in which to remedy the injury complained of."

We think *Scott* v. *Newsom* and *Buckman* v. *Whitney* announce the correct doctrine, and we see nothing in the circumstances of this case to take it from the operation of the rule as there declared. There is nothing to show but that the defendant and those with him were acting in good faith under process issued by a Court of competent jurisdiction. It may be that the plaintiff was wrongfully dispossessed under the writ, but if so he has mistaken his remedy.

Judgment affirmed.

By the Court, SANDERSON, C. J., on rehearing.

Our former opinion was delivered upon the theory that the only substantial question involved, was whether forcible entry would lie against a party who had been put in possession by an officer of the law, in good faith, under legal process. After our opinion was filed the appellant presented a petition for a rehearing, in which it was broadly claimed that the point upon which we had disposed of the appeal was not presented by the record notwithstanding it had been most elaborately argued upon both sides. Profoundly impressed by the apparent earnestness of counsel we were induced to grant a rehearing in order that we might have further opportunity to ascertain, if possible, what legal propositions were involved in the case. A rehearing has been had and we are now fully satisfied that we did not at the first hearing misapprehend the true condition of the case. On the contrary we have no doubt but that this

action was brought upon the theory that it afforded a proper remedy and would lie against a party put in possession by an officer under process and acting in good faith if in so doing he turned out a party whom he could not lawfully dispossess by virtue of his writ; and that it was tried and determined upon that theory in the Court below.

### Incompetent testimony not objected to.

The fact that the entry complained of was made under the circumstances above indicated was substantially shown by the testimony of the plaintiff himself, and his witnesses, both on the direct and on the cross-examination. At least it was so far shown as to warrant the Court, while passing upon the motion for a nonsuit, in assuming, as the Court unquestionably did, that the entry was made in that manner. It may be conceded that the testimony was incompetent if objected to, but it was not, and the Court was justified in entertaining it for the purpose of determining what should be the judgment upon the motion for a nonsuit. Moreover, for the purposes of the motion for a new trial, so far as the same was grounded upon the sufficiency or insufficiency of the evidence, the Court was also bound to treat the testimony as competent, for, not having been objected to at the time it was admitted, it was then too late to claim that it proved nothing because it was incompetent. (*McCloud* v. *O'Neall*, 16 Cal, 392; *Curiac* v. *Packard*, *ante*, 194.) Whether it was sufficient proof or not, however, would be a different question; but the Court below seems to have regarded it as sufficient, and we are not disposed to question the correctness of its conclusion.

But beyond and independent of what has been said, it is apparent to us upon the face of the record that the fact that the entry was by an officer in good faith under color of legal process, was at least tacitly conceded by counsel for the plaintiff on the motion for a nonsuit. It is manifest to us that he did not regard that fact as standing in the way of his remedy. This is apparent from the fact that he made no objection to the testimony when offered, evidently attaching no importance

to it and willing to concede the fact; and from the further fact that the ruling of the Court to the effect that forcible entry would not lie in such a case is assigned by him in his motion for a new trial as one of the errors upon which he should rely, unaccompanied by any point to the effect that the evidence was not sufficient to warrant the Court in assuming upon the motion for a nonsuit that the entry was of that character. Under such circumstances it would be gross injustice to the respondent to allow the fact that the entry was of the character claimed by him to be now questioned.

We see no reason for not adhering to our former conclusion. Judgment affirmed.