[No. 4,329.]

### L. FRINK v. M. A. ALSIP.

EVIDENCE RECEIVED WITHOUT OBJECTION.—If a copy of a letter of attorney is received in evidence in the Court below without objection, no point as to its admissibility in evidence can be made in the Supreme Court.

STATUTE OF LIMITATIONS.—If the husband rents land from the owner, and moves on to it with his family, in subordination to the owner's title, the wife cannot, during coverture, claim the premises adversely to the owner, so as to set the Statute of Limitations in motion.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

Ejectment to recover the east quarter of lot three, and the west half of lot four in the block between Seventh and Eighth, and M and N streets, city of Sacramento. The plaintiff and the defendant's former husband, A. B. Alsip, were brothers-in-law and partners in farming, raising stock and making butter and cheese, in the State of Indiana and in this State, from 1842 to 1867. The plaintiff and his family came to California in 1850, and left the defendant and her husband in Indiana. After the arrival of the plaintiff in Sacramento, and in 1851, he purchased lots three and four, of which the demanded premises formed a part, and erected a frame house on the demanded premises, and enclosed both lots. In 1855, the defendant and her husband moved to California. In 1856, the plaintiff erected a brick house on the other part of lots three and four, and then rented the frame house to the defendant's husband, who moved into it with his family. In 1857 the defendant's husband moved on to a stock ranch in Solano county, about fifty miles from Sacramento. His wife went with him to the ranch, and remained a short time, but then returned to Sacramento to the frame house. The husband continued to rent the house of Frink, and pay him rent, up to 1868. The wife continued to reside in the house, but she and her husband did not live together after the spring of 1864. He desired her to live with him on the ranch, while she preferred living in the

city.   In 1869, the husband, A. B. Alsip, obtained a divorce from the defendant, on the ground of desertion.   The present action was commenced March 4, 1872.   The patent to Sutter was issued in 1866.   The defendant answered, setting up five years adverse possession.   The plaintiff, to prove title, deraigned from Sutter, offered in evidence the copy of a letter of attorney from John A. Sutter to Henry A. Schoolcraft, in order to lay the foundation for a deed from Sutter by Schoolcraft, his attorney, to McClellan, the plaintiff's grantor.   The copy was received without objection from the defendant's attorney.   The plaintiff rested after introducing his record evidence of title.   The testimony on behalf of the defendant tended to show, that she had claimed the premises adversely since 1864, when she and the husband ceased to live together, and that she had never paid any rent, or acknowledged the plaintiff's title. The testimony of the plaintiff, in rebuttal, showed, that the husband, although not living with his family, had always acknowledged Frink's title and had rented the place from him up to 1868, and paid him the rent.   The Court below rendered judgment for the defendant, and the plaintiff appealed.

*Starr* and *Winchell,* for the Appellant.

It may be affirmed as a general rule that no person can acquire title to real estate, as against the true owner, by an adverse possession, who is incapable in law of taking and holding lands; that is to say, the law will not, by its own operation, cast a title to land upon one not competent to take as a purchaser.   (Tyler on Ejectment, 934.)   The defendant in this case was a *femme covert* up to January 4th, 1869.   Living upon the premises by virtue of her husband renting them in 1856 from plaintiff, the husband's furniture in the house, left there by him when he moved to the ranch in 1857 with their stock—he furnishing provisions from the ranch, etc., off and on, until the divorce in 1869—she was not capable of acquiring title to real estate in her own right.

*Henry Edgerton*, for the Respondent, argued, that the plaintiff had failed to make out title, as the only authority shown from Sutter to Schoolcraft was the copy of a letter of attorney. He also argued that the defendant could acquire title by her adverse possession since 1863, although a *femme covert*.

By the COURT:

The copy of the letter of attorney to Schoolcraft was admitted in the Court below without objection, and no point as to its admissibility in evidence can be made now. Upon its face it purported to vest a sufficient authority in the attorney in fact to convey the title of Sutter. It results that Frink established in himself the legal title to the premises.

The defense of the statute of limitations relied upon by Mrs. Alsip cannot avail her in this action. It is not pretended that her husband at any time occupied the premises in hostility to the title of Frink; and during the coverture she could not for herself, being a *femme covert*, occupy in hostility to the title of Frink, under which title Alsip, the husband, had originally entered into possession and occupied the premises as a home for himself and family, of which family the defendant, Mrs. Alsip, was then a member.

This view disposes of the defense of the statute of limitations interposed by Mrs. Alsip in this action, because, supposing that she occupied adversely to the title of the plaintiff ever since she became discovert, this action was brought within five years after that event.

Judgment and order denying a new trial reversed, and cause remanded for a new trial. Remittitur forthwith.