[No. 12871.  In Bank, — October 10, 1889.]

## TIERRY WRIGHT, APPELLANT, v. B. H. ROSEBERRY ET AL., RESPONDENTS.

CERTIFICATE OF PURCHASE — SURRENDER ON APPLICATION FOR PATENT — EFFECT OF. — The surrender of a swamp-land certificate of purchase upon the application for a patent does not of itself render the certificate invalid.  After such surrender, and before the patent has issued, the certificate may serve as the foundation of an action of ejectment.

ID. — ISSUANCE OF PATENT FOR A PORTION OF THE TRACT — EFFECT OF UPON CERTIFICATE. — The issuance of a patent for a portion of the tract described in the certificate renders the latter *functus officio* as to such portion, but does not of itself destroy the validity of the certificate as to the omitted portion.

ID. — MEMORANDUM OF SUBSEQUENT ACTION NOT NECESSARILY A CANCELLATION OF CERTIFICATE. — The indorsement by the officer upon the certificate that a patent has been issued for a portion of the tract described in the certificate is a mere memorandum of subsequent action, and does not amount to a cancellation of the certificate.

SECONDARY EVIDENCE MUST BE OBJECTED TO. — If a party permits his adversary to prove a fact by secondary evidence, he cannot afterwards object that better evidence ought to have been produced.

NONSUIT — EFFECT OF EVIDENCE ERRONEOUSLY ADMITTED. — Upon a motion for nonsuit, full effect must be given to evidence which was erroneously admitted against objection, but which is not irrelevant or without force.

NONSUIT — RIGHT OF RECOVERY OF PORTION OF TRACT. — If the plaintiff's evidence shows a right of recovery of any portion of the tract sued for, a nonsuit as to the whole tract is improper.

INTRODUCTION OF DOCUMENTS IN EVIDENCE — WHAT AMOUNTS TO. — Where documents are not formally introduced in evidence, but it is apparent that the court and the offering party understood that the documents were in evidence, they must be so considered.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order refusing a new trial.

The facts are stated in the opinion.

*C. P. Sprague*, for Appellant.

*J. C. Ball*, and *S. C. Denson*, for Respondents.

HAYNE, C.—Ejectment. The plaintiff was nonsuited at the trial, and appeals from the judgment upon a bill of exceptions. The question is, whether the plaintiff's evidence was sufficient to make a *prima facie* case. His evidence consisted of two certificates of purchase and certain other documentary evidence tending to show that the land was swamp-land, and certain testimony in relation to said certificates. The case has been before the supreme court of the United States, and that court held that the documents made a *prima facie* case for the plaintiff. (*Wright* v. *Roseberry*, 121 U. S. 517.) That decision is conclusive in favor of the plaintiff, unless there is some material circumstance which was not presented to or considered by the court. The respondents contend that it now appears that the certificates had been surrendered and canceled, and that they are therefore no longer evidence of title. The certificates were produced at the trial by the surveyor-general, who testified that they had been surrendered when the application for the patent was made, and were then in his office; that patents had been issued for a portion of the land; and that a notice of indorsement had been made upon each certificate as follows: On certificate No. 1,659 the following: "Southwest quarter of southeast quarter of section 24, patented to Tierry Wright, April 14, 1884"; and on certificate No. 1,660 the following: "Southwest half and northwest quarter of section 36, patented to Tierry Wright, April 14, 1884." The witness testified that patents were issued for the portions designated in said indorsements, and were for part of the lands "described in the certificates." And the descriptions in the certificates show the number of the township, range, and meridian. The receipts upon the certificates show that the principal and interest thereon had been fully paid

up. It will be observed that this evidence presents two cases, viz., one in which no patent had been issued, and the other in which a patent had been issued.

1. As to the land for which no patent has been issued, we think that the certificates made a *prima facie* case. The indorsement does not constitute a material alteration. It does not purport to change the tenor or character of the instrument, but was a mere minute or memorandum of subsequent action. Such memorandum does not purport to be a cancellation of the certificate, and was not so, unless such a consequence results as a matter of law from the transaction appearing from the memorandum, viz., from the surrender of the certificates and the issuance of patents for a portion of the land described therein. The mere surrender of a certificate of purchase does not destroy its validity as evidence of title. The law requires that it shall be surrendered before a patent can issue. (Pol. Code, sec. 3519; *Duncan* v. *Gardner*, 46 Cal. 25.) And it cannot have been the intention that the holder should lose anything by complying with the law. The surrender is not absolute, but is for a certain purpose only; and upon such surrender (and until the patent has issued) the officer is the custodian of the document for the benefit of the person entitled. It is not impossible that the officer may be negligent, or some mistake or inadvertence may occur through which a considerable period may elapse before the patent is issued. And if, during such a period, a stranger should intrude or be in possession, the owner of the certificate has the same right to have such person ejected that he had before his evidence of title was surrendered. It affirmatively appears that the surrender here was for the purpose of obtaining a patent; and therefore the surrender did not of itself destroy the effect of the certificate as evidence of ownership. Nor do we think that, if the certificate is otherwise valid, the fact that the officer has issued a patent for a portion of the land operates to de-

stroy the certificate as to the remaining portion. We have not been referred by counsel to any provision of law which would work such a result; and the record does not show why the patent was not issued for the whole tract. It may be that the non-action of the officer as to the omitted portion was mere inadvertence or was the result of a clerical error; or it may be that the omission was owing to an erroneous view of the law on the part of the officer. In such case, it might be considerable time before the error could be corrected; and we do not think that in the mean time the land is open to occupation by the public. If strangers intrude upon it, and the certificate be in fact valid, the owner should not be deprived of his recourse to the courts for redress by the error or inadvertence of the officer. If the certificate be in fact invalid for any reason, such invalidity can be shown in such suit; but if it be otherwise valid, the mere fact that patents have been issued for a portion of the land does not destroy the effect of the certificate as evidence of ownership. In the present instance no reason for holding the certificate invalid (other than the foregoing) is shown. If there were any such reason, it should have been made to appear.

2. When a patent has been issued for the land called for by a certificate of purchase, the latter is superseded by the patent, and becomes *functus officio.* In this view, the plaintiff's certificate was no longer evidence of ownership of the portion for which a patent had issued; but we think that, so far as this portion was concerned, the plaintiff made a *prima facie* case by the above-mentioned proof of his patents. As above stated, the surveyor-general distinctly testified that patents had been issued; as noted in the indorsements upon the certificates, for part of the land "described in the certificates"; and taking his testimony in connection with said indorsements and certificates, the time when, the land for which, and the person to whom the patents were issued sufficiently ap-

pear. This, indeed, was not shown by the best evidence. But it is settled that if a party permits his adversary to prove his case by secondary evidence, he cannot afterwards object that better evidence should have been produced. The secondary evidence is, under such circumstances, sufficient. (*Goode* v. *Smith,* 13 Cal. 84; *St. John* v. *Kidd,* 26 Cal. 270; *Janson* v. *Brooks,* 29 Cal. 223; *Rewrick* v. *Goldstone,* 48 Cal. 555; *Frink* v. *Alsip,* 49 Cal. 103.)

There is a statement towards the close of the bill of exceptions that "all of the documentary evidence was objected to by the defendants, and each of them, upon the grounds of irrelevancy, incompetency, and immateriality." This does not show whether said objections were made at the time the evidence was offered, or towards the close of the trial. From the place in the bill of exceptions where the objection is inserted, the latter inference might perhaps be drawn. If such is the proper construction of the record, the objections were too late; for it is a familiar rule of practice that the party must make his objections to evidence at the time it is offered. If, therefore, the record is to be construed as showing that the objections were not made until towards the close of the trial, they were too late, and the case stands as if no objections were made. But without saying what the proper construction is, and assuming in favor of this branch of the respondents' case that the objections were made at the time the evidence was introduced, the same result follows; for even where evidence is erroneously admitted against objection, but tends to prove something, full effect must be given to it upon motion for nonsuit, and upon the question of the insufficiency of the evidence to support the decision. This has been decided with reference to the insufficiency of the evidence. (*McCloud* v. *O'Neall,* 16 Cal. 397; *Pierce* v. *Jackson,* 21 Cal. 636.) And we think it plain that the same rule applies on motion for nonsuit. For reasons

stated below, it sufficiently appears that the certificate was admitted in evidence; and hence, upon any construction of the record in this respect, there was sufficient proof of the patents to make a *prima facie* case as to the portion of the tract embraced therein.

Now, if either of the above positions is correct,—that is to say, if the plaintiff's evidence made a *prima facie* case either as to the land for which patents had been issued to him, or as to the land for which patents had not been issued,—the nonsuit cannot stand; for it cannot be seen from the record that the motion for nonsuit was made as to any particular portion of the tract sued for (assuming that such a course would have been proper). The record states that the motion for nonsuit was made "upon the several grounds then and there duly specified and stated," but it does not show what such grounds were, or whether the motion was as to a whole or a portion of the tract. Consequently, if either of said positions be correct, the judgment against plaintiff for the whole tract was erroneous.

3. It is contended for the respondents, however, that the certificates of purchase were not, as a matter of fact, introduced in evidence. They certainly were not formally introduced. They were at the time in the custody of the surveyor-general. He was called as a witness, and produced and identified them. And the record states that the certificates of purchase were then placed in the hands of the reporter, by the following order by the court: "It is ordered that the surveyor-general leave them in the custody of the court until the conclusion of the case, thereupon to be returned to him at his office." The parties examined and cross-examined the surveyor-general concerning them, and concerning the indorsements thereon. Furthermore, it is not entirely clear that the respondents' objections above quoted were not made to them; but whether they were or not, it would seem clear from the other circumstances mentioned

that both the court and the counsel for the appellant understood that the documents were in evidence; and under the circumstances they should be so considered. (Compare *Landers* v. *Bolton*, 26 Cal. 414, 415; *Pearson* v. *Pearson*, 46 Cal. 628.)

We therefore advise that the judgment be reversed, and the cause be remanded for a new trial.

FOOTE, C., and GIBSON, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed, and cause remanded for a new trial.

Rehearing denied.