## FILIPINI et al. v. TROBOCK et al.[*]

### S. F. No. 1676; November 30, 1900.

#### 62 Pac. 1066.

**Mortgage Foreclosure—Statute of Limitations.—Where the Trial Court Finds** facts showing that a suit to foreclose a mortgage is not barred, failure to find expressly that the suit is not barred is immaterial.

**Mortgage—Estoppel.—Where the Vendee in an Unrecorded Deed,** acting as attorney in fact for the vendor, procures a mortgage for the latter on the property, and represents that the vendor is the owner, he is estopped thereafter to set up title to the land except in subordination to the mortgage.

[*]For subsequent opinion in bank, see 134 Cal. 441, 66 Pac. 587.

Mortgage—Estoppel.—Where the Vendee in an Unrecorded Deed, acting as attorney in fact for the vendor, procures a mortgage on the latter's property, and represents that the vendor is its owner, one succeeding to his interest as a mere volunteer is equally estopped to set up title except in subordination to the mortgage.

Mortgage Foreclosure.—Error in Admitting Secondary Evidence to prove a note in a suit to foreclose a mortgage given as security is waived by failure to object at the time.

APPEAL from Superior Court, City and County of San Francisco; James M. Trout, Judge.

Suit by P. Filipini and others, trustees of Galileo Grove, U. A. O. D., against Mary Trobock, impleaded with Antonio Trobock and others. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

P. A. Bergerot (Rodgers, Paterson & Sloan of counsel) for appellant; I. J. Truman, Jr., for respondents.

SMITH, C.—Judgment was rendered by the lower court against the appellant, Mary Trobock, and her codefendant Antonio Trobock, for the foreclosure of a mortgage for $2,000 and interest, executed to the plaintiff by the latter. Mary Trobock appeals from an order denying her motion for new trial.

1. The main question in the case is whether the action was barred, as against her, by the statute of limitations. The facts bearing on this question, as they appear from the pleadings and findings, are as follows: The complaint was filed July 23, 1896. The mortgage and note—which were payable three years after date—were executed December 8, 1886, in the name of Antonio by Nicolas Trobock (husband of appellant), his attorney in fact, who represented to the plaintiff's trustees and attorney, and induced them to believe, that the money was borrowed for Antonio Trobock, and that he was the owner of the land mortgaged; and the title in fact so appeared from the records in the recorder's office. But in fact a deed had been made by Antonio to Nicolas Trobock in 1870, though never recorded, and the latter knew of this condition of the title. Nicolas died in 1889. The unrecorded deed was found among his papers by his wife, the appellant, and recorded September 2, 1889, and in the year 1890 the

land was distributed to her by the final decree of distribution. The interest on the note and mortgage was paid by Nicolas during his lifetime, and afterward, up to August 1, 1893, by the appellant. Antonio Trobock has been absent from the state of California, and a resident of Raguzza, Austria, ever since the maturity of the note. The specific objection of the appellant is that there is no finding as to appellant's plea that the action was barred by the provisions of section 337 of the Code of Civil Procedure. But I think the issue was disposed of by the finding of the specific facts as stated above, and it was unnecessary to find expressly that the action was not barred by the provisions of the section of the statute relied on. The unrecorded deed from Antonio to Nicolas, held by the latter at the time of the mortgage, was void as to the mortgagee, the plaintiff in this case: Civ. Code, sec. 1214. The representations of Nicolas to the plaintiff's officers to the effect that Antonio was the owner of the land mortgaged were, therefore, so far as the mortgage was concerned, in effect, true; and whatever title had accrued to him under the deed from Antonio became, by his own deliberate written act, subject to the mortgage. He probably so understood the effect of the transaction; and in view of the presumptions that a person is innocent of wrong, and that he intends the ordinary consequence of his voluntary act, it is to be presumed that he so understood it: Code Civ. Proc., sec. 1963, subds. 1, 3. But, however this may be, Nicolas was, at all events, estopped by his express declarations as to the ownership of the property from setting up title in himself except in subordination to the mortgage: 1 Herm. Estop., sec. 3; 2 Herm. Estop., secs. 730 et seq., 736; Code Civ. Proc., sec. 1962, subd. 3; Civ. Code, sec. 1709. And the estoppel is equally binding on his wife, the appellant, who succeeded to his interest as a mere volunteer: 1 Herm. Estop., sec. 20; Bigelow, Estop., pp. 512, 607, 608. Mrs. Trobock stands, therefore, precisely in the position of her predecessor. She took the title subject to the mortgage, and is equally estopped to deny that Antonio was the owner, and that, in the absence of a conveyance by him, he continued to be the owner.

2. It is also claimed that the court erred in admitting secondary evidence of the note, but I do not think the objection tenable. The note was proved by the mortgage and other evidence without objection. The subsequent objections to it

came too late: Wright v. Roseberry, 81 Cal. 91, 22 Pac. 336. I advise that the order denying the motion for new trial be affirmed.

We concur: Haynes, C.; Cooper, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order denying the motion for new trial is affirmed.