[L. A. No. 1280.    Department One.—July 9, 1904.]

HARRY WILLIAMS, Respondent, v. GEORGE T. HAWLEY, Appellant.

LIEN UPON MINE—SERVICES OF WATCHMAN—PROGRESS OF WORK—ORDER DENYING NEW TRIAL—REVIEW UPON APPEAL.—In an action to enforce an alleged lien upon a mining claim for services rendered as a watchman, the question whether the plaintiff is entitled to a lien for such services, though the work of mining may be in progress, where such question depends upon conclusions of law to be deduced from the facts found, or upon the sufficiency of the complaint to constitute a cause of action, cannot be raised or considered upon appeal from an order denying a new trial.

ID.—WATCHMAN EMPLOYED WHILE MINE IS IDLE—CONSTRUCTION OF CODE.—Section 1183 of the Code of Civil Procedure implies that the labor to be performed upon any mining claim for which a lien is given must be performed in the course of the actual work of mining or development in the mining claim, and such labor does not include the services of a watchman engaged in caring for the mine while it is lying idle.

ID.—AGENCY FOR OWNER—INCOMPETENT EVIDENCE—WAIVER OF OBJECTION—SPECIFICATION OF INSUFFICIENCY—IMPORTANCE OF EVIDENCE OBJECTED TO.—Where incompetent evidence was received to show agency for the owner in the employment of the watchman, consisting of the suppositions of witnesses and general repute of such agency, such evidence, if admitted without objection, cannot be questioned as incompetent upon a specification of the insufficiency of the evidence to prove the fact. But in view of the unsatisfactory nature

CXLIV. Cal.—7

of such evidence this court is justified in attaching great importance to any other incompetent evidence improperly admitted to prove the same fact to which objection and exception were taken.

ID.—INCOMPETENT EVIDENCE AGAINST OWNER—CONTRACTS OF SALE— WATCHMAN EMPLOYED FOR PURCHASER—CONSTRUCTIVE AGENCY.— Documentary evidence, consisting of contracts of sale under which the purchaser was authorized to work the mine, but who did no work thereupon, are not admissible evidence against the owner, where they have no relevancy other than for the purpose of proving that a watchman employed on behalf of the purchaser was employed by him as constructive agent for the owner. A person not expressly authorized by the owner of the mine to act in his behalf cannot be his constructive agent for the purpose of a lien against the owner under the statute, unless he is a person in charge of the actual work of "mining," as contemplated by the statute.

MOTION FOR NEW TRIAL—MINUTES OF COURT—STATEMENT OF GROUNDS —REFERENCE TO NOTICE OF INTENTION—DUTY OF CLERK.—Where a motion for a new trial is made upon the minutes of the court, the statement to the court of the grounds for the motion is necessary; but this may be done by reference to the notice of intention on file, which reference may be incorporated in the bill of exceptions, if the notice is made part of it. The clerk should incorporate the grounds of the motion in the minutes of the court in substance, as stated by counsel.

ID.—SUFFICIENCY OF RECORD OF GROUNDS—REVIEW UPON APPEAL—BILL OF EXCEPTIONS.—To enable this court to review the action of the court below, the record upon appeal must show precisely the reasons or grounds upon which the action of the court was based. But, though no grounds of the motion for a new trial appear in the minutes of the court, and though the notice of intention, not being incorporated in the bill of exceptions, is no part of the record, yet where such grounds fully appear from the specifications in the bill of exceptions, they sufficiently appear in the record for the purpose of review upon appeal.

APPEAL from an order of the Superior Court of Inyo County denying a new trial. Walter A. Lamar, Judge.

The facts are stated in the opinion of the court.

Campbell, Metson & Campbell, and William D. Dehy, for Appellant.

P. H. Mack, and P. W. Forbes, for Respondent.

SHAW, J.—This is an appeal from an order denying the defendant's motion for a new trial. The action is to enforce

an alleged lien upon a mining claim belonging to the defendant, for services as a watchman, alleged to have been performed by the plaintiff for the defendant, amounting to the sum of six hundred and thirty-seven dollars.

The defendant attempts to raise the point that a person engaged as a watchman of a mine is not performing "labor in any mining claim" so as to be entitled to a lien under section 1183 of the Code of Civil Procedure, although the work of mining therein or development thereof may be in progress. This question cannot be raised upon this appeal. It depends upon the conclusions of law to be deduced from the facts found by the court, or upon the sufficiency of the facts stated in the complaint to constitute a cause of action; neither of which points can be considered upon an appeal from an order denying a motion for a new trial. The only questions which can be here considered are those arising upon the specifications of insufficiency of evidence and of errors of law contained in the bill of exceptions. None of these specifications involve this particular question.

The plaintiff contends that the grounds of the motion for a new trial do not appear in the record, and for that reason he claims that the order denying the motion for new trial cannot be reviewed by this court, and that for the same reason the motion was properly denied by the court below. It must be conceded that it is necessary for a party moving for a new trial to state to the court to which the motion is addressed the grounds of the motion; otherwise, this court cannot review the order made thereon. The statute specifies a number of reasons upon either of which a motion for a new trial may be granted. There may be ample grounds for granting a new trial for one reason, and none whatever for another. Parties are not bound to include in their motion all of the reasons given in the statute, and usually they do not do so. To enable this court to review the action of the court below, the record must show precisely what action was invoked in that court, and the precise ruling that was made therein, and, consequently, it is necessary to state in the motion the particular reasons upon which it will be based. This is the effect of the decisions in *Holverstot* v. *Bugby,* 13 Cal. 43; *People* v. *Ah Sam,* 41 Cal. 650; and *Herrlich* v. *McDonald,* 80 Cal. 472. A motion is an application for an order. (Code Civ. Proc.,

sec. 1003.) It is usually made orally, and this was the course taken in the present case. It is not necessary, however, for the appellant in making the motion to state the grounds at length. He must, in some way, inform the court what are the grounds of the motion, but this may be done as well by reference to some paper on file in the action, in which the grounds are stated, as by word of mouth. It is the duty of the clerk to enter the motion and the order made thereon in the minutes of the court, and the entry should state the grounds on which the motion is based, in substance as stated by the counsel making it. These grounds need not in all cases be entered in the minutes in full. If counsel refers to any document filed in the case for a statement of the grounds of the motion, the entry may, and for the sake of brevity should, refer to the same document, and the reference will be a sufficient statement for all purposes of review by this court, provided the document referred to is a part of the record properly brought before us on the appeal from the order. Thus, where the motion for a new trial is made after the settlement of a statement of the case, or bill of exceptions, the motion and the entry, instead of stating the grounds at length, may refer to the specifications of errors and insufficiency of evidence, set forth in the bill or statement, for the particulars. If made on the minutes of the court, reference may be made to the notice of intention for the particulars, and, if made after the settlement of a bill or statement, and the notice of intention to move for a new trial has been incorporated into such bill or statement, reference may be made to that notice. In this case the entry of the motion in the minutes was as follows: "Notice of motion for a new trial read by Mr. Dehy, after which he made the following motion: And now, upon the notice of motion, upon the pleadings and papers filed in this case, and upon a bill of exceptions heretofore filed in this court in this case, we move the court for an order granting a new trial in this case." The notice of motion referred to in this entry, which perhaps means the notice of intention to move for a new trial, is not made a part of the bill of exceptions, and, consequently, though printed in the transcript, it is no part of the record, and we cannot examine it for a statement of the grounds of the motion. None of the other papers in the record purport to state anything in the nature of grounds

for a new trial, except the bill of exceptions referred to.  In
the bill we find a statement of the insufficiency of the evidence
to justify the findings, and of the errors of law occurring at
the trial.   These state the grounds with more particularity
than would be necessary in the minute entry, and are amply
sufficient to present to the court below and to this court the
precise reasons upon which the court was asked to grant a new
trial.  In view of the fact that the notice of intention to move
for a new trial was not set out in the bill of exceptions, but
was read to the court in making the motion, the clerk, under
ordinary circumstances, should have taken that document and
entered in the minutes the grounds of the motion as therein
particularized, and thus the grounds to which the attention
of the court was called would have appeared in the record.
In this case this was not necessary, because the specifications
in the bill included all the grounds stated in the notice of
intention.   The grounds of the motion sufficiently appear
from these specifications, and, for that reason, we hold that
the objection of the respondent to the consideration of the
motion for a new trial is not well taken.

One of the specifications of error is, that the court refused
to exclude from the deposition of the defendant two exhibits
attached thereto, consisting of two contracts signed by the
defendant.   In admitting this evidence we think the court
erred to the prejudice of the defendant.   It appeared from
the evidence that the alleged contract, under which the services
were performed, was not made by the defendant personally,
but that the plaintiff was employed by one Patrick Clinton,
who, he alleges, was the agent of the defendant for that pur-
pose.   There was no competent evidence introduced to prove
the agency of Clinton.   Both Clinton and Hawley testified posi-
tively that he was not the agent, and was not authorized by
Hawley to employ the plaintiff to perform the services sued
for.   Clinton testified in substance that he engaged the plain-
tiff to perform the services at the request of Allison Wheeler,
and not at the request of Hawley.   The only evidence of any
consequence tending to show the agency of Clinton consisted
of the testimony of witnesses to the effect that they supposed
that Clinton was such agent; that he was generally reputed
in the vicinity to be the agent; and that Wheeler claimed to
be, and was supposed to be, such agent.   Some of this evidence

was admitted without objection, and the objections that were made to other parts of it are in such form that we cannot consider the competency of the evidence. The case, so far as this evidence is concerned, comes within the rule that where incompetent evidence tending to prove a fact is admitted without objection, the question of its competency cannot be considered upon a specification that the evidence was insufficient to prove the fact. (*McCloud* v. *O'Neal,* 16 Cal. 393; *Pierce* v. *Jackson,* 21 Cal. 641; *Tebbs* v. *Weatherwax,* 23 Cal. 60; *Janson* v. *Brooks,* 29 Cal. 214; *Wright* v. *Roseberry,* 81 Cal. 91.) But, in view of the extremely unsatisfactory state of the evidence upon this branch of the effort to prove the agency of Clinton, this court is justified in attaching great importance to any other evidence improperly admitted tending to prove the same fact. The two documents attached to the deposition consisted of contracts made by the defendant Hawley with Wheeler, whereby he agreed to sell to Wheeler the mining claim in controversy upon certain terms therein stated, and, in connection therewith, gave Wheeler the right to work the mine and extract ores therefrom during the term covered by the agreements. It was during this term that the plaintiff was employed by Clinton, on behalf of Wheeler, to serve as watchman for the mine. No work whatever had been done upon the mine for many years, and Wheeler did not attempt to do any work therein, either in the way of operation or development. The only work done by the plaintiff, according to his own testimony, was to look after a house situated on or near the mining claim, and take care of a few tools of the value of about two hundred dollars situated in the house. He performed no manual labor whatever, and did no work at all upon the mine. The statute in force at the time the contract was made with respect to liens of this character was as follows: "Any person who performs labor in any mining claim or claims, has a lien upon the same, and the works owned and used by the owners for reducing the ores from such mining claim or claims, for the work or labor done; . . . and every . . . person having charge of any mining, or of the construction, alteration, or repair, either in whole or in part, of any building or other improvement, as aforesaid, shall be held to be the agent of the owner for the purposes of this chapter." (Code Civ. Proc., sec. 1183.) The only purpose

for which the documents under consideration could be considered as competent or material evidence would be to show that Wheeler was in charge of "mining" upon these claims, so as to become, under the statute above quoted, the agent of the defendant, and as such authorized to make the contract with the plaintiff. Under the circumstances shown in this case, and in view of the terms of the statute, we are of the opinion that the contracts were not competent or sufficient for that purpose, and that they should have been excluded. It is clear that the statute implies that the labor to be performed upon any mining claim, and for which a lien is given, is labor performed in the course of the actual work of mining or development in the mining claim, and that it does not include the services of a watchman engaged in caring for the mine while it is lying idle. It is equally clear that a person not expressly authorized by the owner of the mine to act in his behalf cannot be held to be the constructive agent of such owner, under the provisions of the statute, unless he is a person having charge of "mining," as provided in the statute. This means that the person thus in charge of the mine shall be doing some work upon the mine itself, for the purpose of extracting ores therefrom. It is not sufficient to show that such person was in possession of the premises under a contract with the owner by which he was empowered to make improvements and prosecute development work thereon. He must be engaged in the actual work of mining, and the services contracted for by him must be services in aid of such mining in order to constitute the person in charge of the mining the agent of the owner to contract for such services, and in order to give a lien therefor against the mining claim. (*Reese* v. *Bald Mountain etc. Co.*, 133 Cal. 287.) The admission of the documents in question could only have been based upon the theory that they gave to Wheeler sufficient authority, as the constructive agent of Hawley, to make a contract with the plaintiff, and that, therefore, Clinton, as sub-agent of Wheeler, was, in contemplation of law, the agent of the defendant. Being inadmissible and insufficient for this purpose, they should have been excluded. In view of the very meager testimony tending to show that Clinton was the agent of the defendant, and the positive and satisfactory evidence to the contrary, it is obvious that this testimony must have

been prejudicial to the defendant. The motion for a new trial should have been granted.

We do not think it necessary to consider the other points in the case.

The order denying the motion for a new trial is reversed and the cause remanded.

Angellotti, J., and Van Dyke, J., concurred.