[Civ. No. 1022.   Second Appellate District.—December 18, 1911.]

## CLARA W. HOVEY, Respondent, v. C. I. THORP, Appellant.

APPEAL—ORDER GRANTING NEW TRIAL—APPLICATION FOR ORDER—UN-
TENABLE OBJECTION—BILL OF EXCEPTIONS.—Upon appeal from an
order granting a new trial, it is held that appellant's objection that
the order was made without an application therefor by the respond-
ent is untenable, where the bill of exceptions upon such appeal shows
the notice of intention and grounds of the motion, that the cause
came on for hearing, with counsel for both parties present, and that
the cause was submitted, and thereafter the court granted the motion
and ordered a new trial.

ID.—ORDER NUNC PRO TUNC PENDING APPEAL NOT CONSIDERED.—Since
the record shows that nothing remained for hearing but the motion,
that the cause which came on for hearing was the motion, and the
order was in connection therewith, and the application for a new
trial and the grounds therefor sufficiently appear in the record, it
is unnecessary to consider an order of the trial court made pending
the appeal, and directed to be entered *nunc pro tunc.*

APPEAL from an order of the Superior Court of Los An-
geles County granting a new trial.   Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

Roland G. Swaffield, for Appellant.

Geo. A. Skinner, and E. S. Williams, for Respondent.

ALLEN, P. J.—This is an appeal from an order of the
superior court of Los Angeles county granting a new trial.
Appellant's sole contention is that the order granting a new
trial was made without an application therefor by respondent.
We see no merit in this proposition.   The bill of exceptions
shows the notice of intention and the grounds therefor; that
the cause came on for hearing and that counsel for both par-
ties were present; that the cause was submitted, and thereafter
the court granted the motion and ordered a new trial.   The
record discloses that nothing remained for hearing but this
motion; that the cause which came on for hearing was such
motion, and the order was in connection therewith.   The

grounds for the motion sufficiently appear from the bill of exceptions. A case is not presented where the notice of motion and the grounds therefor cannot be considered on account of the failure to incorporate the same in a bill of exceptions. (*Williams* v. *Hawley,* 144 Cal. 100, [77 Pac. 762].) The application for new trial and the grounds therefor sufficiently appear from the bill of exceptions, without considering the order of the trial court made pending the appeal and directed to be entered *nunc pro tunc.*

Order affirmed.

James, J., and Shaw, J., concurred.