[Civ. No. 1952.   First Appellate District.—July 3, 1917.]

HENRY G. GILLE, Doing Business as Gille Show Printing Co., Respondent, v. G. M. ANDERSON, Appellant.

ACCOUNT—SECONDARY EVIDENCE—APPEAL.—Upon an appeal from a judgment in an action upon an open book account, the appellant cannot insist that there was no evidence of the account, where the accounts were in court and the plaintiff read the items therefrom in giving his testimony, or they were read to him by his attorney, and no objection was made to the method of proof.

ID.—ACCOUNT STATED—INSUFFICIENCY OF EVIDENCE.—In such an action, a statement made by the defendant to the effect that he was liable for part of the bills is insufficient to establish an account stated.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge.

The facts are stated in the opinion of the court.

Herbert Choynski, and James Raleigh Kelly, for Appellant.

Walter H. Robinson, for Respondent.

BEASLY, J., *pro tem.*—This is an action in which the plaintiff declared upon an open book account, and was given judgment for $1,211.50. The defendant appeals, and insists that "there is no evidence of an open book account." At the trial the accounts of the plaintiff were in court, and the plaintiff read the items from them in giving his testimony, or they were read to him by his attorney. No objection was made to this method of proving the plaintiff's claim. Having failed to object at the trial to this method of proof, the defendant cannot now be heard to complain of it, for it is well settled that if a party permits his adversary to prove his case by secondary evidence, he cannot afterward object that better evidence should have been produced. The secondary evidence is, under the circumstances, sufficient. (*Wright* v. *Roseberry*, 81 Cal. 87, [22 Pac. 336]; *Williams* v. *Hawley*, 144 Cal. 97, 102, [77 Pac. 762].)

Defendant makes the further point that "the evidence shows that if there was any account the account was stated

between the parties.'' To establish this he relies upon a statement made by himself at one time to the effect that he was liable for a part of these bills; but this statement was not made under circumstances which showed such a meeting of minds as to establish an account stated between the parties; at least considering the other evidence the court was justified in finding that the account was not stated.

The appellant also claims that this was not his debt but the debt of the G. M. Anderson Company. The items were charged to the defendant either under his own name or under the name of the Gaiety Theater Company. Anderson personally ordered the opening of this account. The account was for printing done by the plaintiff for various shows produced at the Gaiety Theater. The defendant was the only person who opened the account or made any arrangements for this printing. He told the plaintiff that he was opening the Gaiety Theater and would require a great deal of printing, and arranged with the plaintiff to furnish it. He also instructed the plaintiff to take orders from his managers. He paid some money on the account personally, and never suggested that he was not responsible individually for the bills so contracted. He now claims that after giving two shows he retired from the theater, and that the theater was thenceforth conducted by the G. M. Anderson Company. However, there was evidence that he later admitted his liability for the account; and from the evidence taken as a whole the court was justified in finding that Anderson was personally liable for the entire indebtedness. No good purpose would be served by a lengthy analysis of this evidence. Defendant's methods of doing business may be said to have been loose, he apparently contracting bills in the name of the Gaiety Theater Company, the G. M. Anderson Company, and under his own name; and the court was amply justified in finding that all these accounts were chargeable to him personally.

There was no error as to any of the rulings of the court in the admission of evidence as to which the defendant complains.

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.