JAMES BARTON, PLAINTIFF IN ERROR, *v.* ROBERT FORSYTH

Where there was an affidavit made, after verdict and judgment, that the affiant was the real party in interest, and prayed to be substituted for, or admitted with, the defendant, and the court overruled the motion, an exception to this ruling will not bring up the points which were raised at the trial; nor will it bring up the ruling upon the motion.

Exceptions must be taken or the points reserved whilst the jury are at the bar.
Evidence of the sale of property under certain proceedings of a State court was properly received in the Circuit Court, where the proceedings of the State court were duly certified, and it had competent jurisdiction over the subject-matter.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the northern district of Illinois. The case is stated in the opinion of the court.

It was argued by *Mr. Ballance* and *Mr. Reverdy Johnson* for the plaintiff in error, and by *Mr. Williams* for the defendant.

Mr. Chief Justice TANEY delivered the opinion of the court.

This action was brought in the Circuit Court of the United States for the district of Illinois, to recover a certain lot in the town of Peoria, described in the plaintiff's declaration.

In that suit, Forsyth, the defendant in error, was plaintiff, and Barton, the plaintiff in error, was the defendant; and upon the trial, the judgment of the Circuit Court was in favor of the plaintiff, Forsyth, and thereupon Barton brought the case here by writ of error.

It appears from the record that the title was a very disputed one, and sundry questions of much nicety and difficulty were raised in the trial and decided by the court. But, from the manner in which the case has been brought up, none of these questions are open for revision here; for no exception to them appears to have been taken or reserved by Barton while the jury were at the bar.

The record shows, that after the trial, and after verdict and judgment for Forsyth, Charles Ballance filed an affidavit, stating that he was the landlord of Barton, and the real party in interest, and thereupon moved the court to substitute him for Barton, as defendant; or if, in the opinion of the court, that could not be done, that he might be admitted as co-defendant with Barton, and that Ballance might proceed with the suit in his own name. But the court overruled the motion, and refused to permit said Ballance to become a defendant in the suit. "To all which decisions, rulings, and instructions, defendant then and there excepted, and prayed that this bill of exceptions be sealed, signed, and made a record, which is done." And this has been relied on here as an exception to all the points which the transcript shows to have been raised at the trial, and decided by the court. But this is no valid exception to anything, according to the well-settled and established principles of law. It has been repeatedly ruled by this court, as will appear by the cases reported, that no instruction to the jury, given or refused by the court below, can be brought here for revision by writ

of error, unless the record shows that the exception to it was taken or reserved while the jury were at the bar.

This is required by the statute which authorized the exception, and cannot be dispensed with. If the party does not reserve the exception at the time at which the law requires it to be done, he acquiesces in the decision, and cannot bring up the point upon writ of error.

But in this case, the exception was not proposed to be reserved until long after the trial was over, and the verdict and judgment had been entered; for the affidavit of Charles Ballance, upon which his motion was made, appears to have been sworn to on the 22d of July, 1856, after judgment, and his motion was not overruled until August 6th, on which last-mentioned day he for the first time took his exceptions. Such an exception is clearly unauthorized by law, and the decisions and rulings to which it refers cannot be considered upon this writ of error.

There is but one exception legally taken, and that is upon the admission as evidence of the legal proceeding under which the lot in question was sold as the property of a certain Michael La Croix, to pay his debts, and at which sale Morrison was the purchaser, under whom Forsyth claims title.

Barton objected to the admissibility of this evidence, and the judges of the Circuit Court were divided in opinion; and thereupon the evidence was allowed to go to the jury, and the defendant excepted. Upon this point, therefore, the plaintiff in error is entitled to the consideration and judgment of this court.

But we think that there was no error in admitting the evidence objected to. The documents appear to be duly certified, and the proceedings under which the sale was made to have been before a court of competent jurisdiction. If there were any irregularities or errors in the proceedings after they were instituted, they were not open to examination in the Circuit Court, coming in, as they did, collaterally as evidence of title. Being the proceedings of a judicial tribunal which had jurisdiction over the subject-matter, the Circuit Court had no right to take upon itself the functions of an appellate court, and inquire whether the debts claimed were really due from La Croix, nor whether the proceedings were conducted and the decision rendered in good faith by the tribunal which authorized the sale.

This being the only point legally before this court, and there being no error in it, the judgment of the Circuit Court must be affirmed, with costs.