BECKER v. BECKER ET AL.

1. **Evidence:** INSTRUCTION. Evidence admitted without objection cannot be excluded from the consideration of the jury by instructions.

*Appeal from Howard Circuit Court.*

THURSDAY, OCTOBER 14.

REPLEVIN for a team of horses. The plaintiff claims title to the property as widow of William H. Becker, deceased, who, as she alleges, owned it at the time of his death exempt from debt. The administrator of the estate set apart the prop-

erty to plaintiff. The defendants, in a joint answer, allege that at the death of William H. Becker the title of the team was in defendant, John Becker, who afterward transferred it to defendant, Salmon, now the owner of the property. There was a verdict and judgment for plaintiff; defendants appeal. The facts of the case material to an understanding of the points ruled by the court appear in the opinion.

*H. T. Reed*, for appellants.

*H. C. McCarty*, for appellee.

BECK, J. — The plaintiff testified that her husband, more than three years prior to his death, bought one of the horses in controversy of defendant, Becker, giving in payment a town lot. The wife of defendant, Salmon, was introduced as a witness for defendants, and was permitted to testify, without objection on the part of plaintiff, to conversations had with deceased in regard to the transaction involved in the action. No steps were taken to exclude her evidence before the cause was submitted to the jury. But by an instruction the court directed the jury that her testimony was not to be considered by them, except so far as the conversations testified to were found to be the same referred to in the evidence of plaintiff. This instruction appears to have been the first ruling by the court upon the competency of the evidence given by the witness. As we have said, no objection thereto had been before made by plaintiff. The evidence, having been received and gone to the jury without objection, was not properly excluded by an instruction. By the admission of the evidence without objection, the defendants were authorized to believe that the jury would have been permitted to consider it, and thereby would have been induced to rest upon it without offering other proof on the same point, if they possessed it. This court has held that objections to evidence cannot be raised by instructions to the jury. *State v. Pratt*, 20 Iowa, 267. The instruction was, therefore, erroneous in excluding from the consideration of the jury evidence admitted at the trial without objection.

1. EVIDENCE: instruction.

In this view of the case it becomes unimportant to inquire whether the evidence excluded by the instructions was incompetent under the rules of the law and should have been excluded if timely objection had been made thereto. The error of the court was in excluding it after it had been admitted without objection, and after the cause had been submitted to the jury.

Other questions in the cause need not be considered, as, for the error pointed out, the judgment of the Circuit Court must be

REVERSED.