WARDER, BUSHNELL & GLESSNER CO. v. INGLI.

1.  In an action for the recovery of one new Champion binder, plaintiff's evidence showed that its business was "manufacturing these machines;" that this particular machine was manufactured by plaintiff; that "this machine in controversy" was shipped by plaintiff to its agent at Britton for sale.   *Held*, that such evidence established *prima facie* ownership in plaintiff, and it was error in the court below to direct a verdict for defendant on the ground that plaintiff had shown no evidence of its title to the property.

2.  Where evidence relevant to the issue being tried is received and admitted without objection, and no motion made to strike out, such evidence cannot be objected to on appeal, nor its probative force questioned.   Failure to object, or to move to strike out, is a waiver of objection.

(Syllabus by the court.    Argued Feb. 7, 1890.    Opinion filed June 25, 1890.)

Appeal from district court, Day county.

Action to recover possession of certain personal property. Judgment for defendant upon verdict directed by the court. Plaintiff appeals.    Reversed.

The facts so far as material are stated in the opinion.

*Taubman & Potter*, for appellant.

An authority to an agent to sell confers no authority to barter.    Trudo v. Anderson, 10 Mich. 357; Kent v. Bornstein, 12 Allen, 342; Wheeler v. Wilson Mf'g Co. v. Given, 66 Mo. 89; Victor Machine Co. v. Hiller, 44 Wis. 44; Stewart v. Woodward, 50 Vt. 78.    When evidence is produced tending to establish the material facts in a case, it is error to direct a verdict.    Thompson on Trials, § 2243, 2245, 2249, 2250.

*Glass and Van Buskirk*, for respondent.

KELLAM, J.    On the trial of this action, which was for the recovery of the possession of one new Champion binder, the court, at the conclusion of plaintiff's evidence, directed a verdict in favor of the then defendant, William J. Ingli, since deceased, for the reason that plaintiff had shown no evidence of its title to the property in question.    This ruling, and a refusal to grant a new trial therefor, constitute the alleged error, to review which this appeal is brought.

There was evidence, received without objection, tending to show that plaintiff's business was "manufacturing these machines;" that this particular machine was manufactured by plaintiff; that "this machine in controversey" was shipped by plaintiff to their agent, Ackerson, at Britton, and that it was received by him as such agent, and was first seen by defendant, Ingli, in the warehouse or sheds of such agent, Ackerson; that defendant, Ingli, was then in the employ of said Ackerson, acting as agent for the sale of the Champion machines; and that he assisted in unboxing this particular machine.    We are unable to see why this evidence, uncontradicted, would not make a *prima facie* case of ownership in plaintiff at the time of the alleged purchase of the machine by defendant, Ingli, of their agent, Ackerson.    The only evidence tending to controvert it was that

drawn from plaintiff's witnesses on their cross examination, and to what extent such evidence impaired the force of the direct testimony was a question of fact to be determined by the jury.

In his brief, respondent says: "The whole testimony as to the title to this machine is hearsay, purely, and nothing more, and does not rise to the dignity of evidence." Whether this is true or not cannot be considered or determined here. For the purposes of this appeal, it is competent testimony, because admitted without objection; and its probative force cannot be impaired by now raising the question of its competency. The witness Turner testified that this particular machine was manufactured by plaintiff, and that it shipped it to its agent, Ackerson, with other machines, to be sold by him. If defendant had regarded this testimony from this witness as incompetent, he should have objected to it. If its incompetency was not apparent until his cross-examination, he should then have asked to have it stricken out. These were substantial, relevant facts in support of plaintiff's claim of ownership; and while, really, this witness might not have been competent to so testify, the failure of defendant to object or move to strike out was a waiver of such objection. It led the plaintiff to understand that the rule requiring the best evidence would not be insisted upon, and that such method of proof, though objectionable, was satisfactory. Allowing it to go in, and remain in unchallenged, estops him from now raising the question of its competency, or its force as evidence of the facts stated. This rule is well settled. Goode v. Smith, 13 Cal. 84; Janson v. Brooks, 29 Cal. 223; Becker v. Becker, 45 Iowa, 239; Hayne New Trials & App. § 98. Upon the record before us, we think the case should have gone to the jury, with a proper instruction from the court as to the authority of the agent, Ackerson, from whom defendant claimed to have bought the machine under the written contract with plaintiff, which constituted his appointment as such agent. The judgement of the court below is reversed, and the case remanded for new trial. All the judges concurring.