## HALL v. HARRIS.

1. The words "exception taken," appearing in the bill of exceptions following a ruling by the judge, will be presumed to have been taken at the time the ruling was made, and oy the party against whom it was made.

2. An objection made for the first time in this court, that an exception treated in the court below by counsel and court as properly taken is insufficiently stated, comes too late to be considered by this court. 1 S. D. 279. Affirmed.

(Syllabus by the Court. Opinion filed October 20, 1891.)

Appeal from district court, Hughes county. Hon. JAMES SPENCER, Judge.

This case was first argued at the April, 1890, term of this court. The opinion thereon is published in 1 S. D. 279. This opinion is upon a rehearing. The former opinion is adhered to.

*Charles H. Burke,* (*Walter C. Fawcett of counsel*) for appellant and petitioner for rehearing.

The bill of exceptions upon which the defendant's motion

for a new trial was granted was fatally defective in that it failed to show affirmatively that the ruling of the court for error in which the new trial was granted was excepted to at all by the defendant or was excepted to at the time the ruling was made or even at the trial. § 5079 Comp. Laws; U. S. v. Carey, 110 U. S. 51; Phelps v. Mayer; 15 How. 160; Turner v. Yates, 16 How. 360; Sheppard v. Wilson, 6 How. 260; Brown v. Clarke, 4 Id. 4; Stanton v. Emory, 3 Otto 548; Barton v. Forsyth, 20 How. 532; Railroad v. Moore, 37 Mo. 343; Jones v. Trustees, 1 Ind. 101; 1 Thompson Trials, § 103.

Crawford & De Land, for respondent. No brief filed.

CORSON, P. J. This cause was argued and decided at a former term of this court, and the opinion is reported in 1 S. D. 279. A petition for a rehearing was presented, in which the learned counsel for plaintiff called our attention to the fact that this court overlooked in its opinion an important point made and discussed by counsel on the argument of the case, and on the showing made in the petition we granted a rehearing. A re-examination of plaintiff's abstract and brief discloses the fact that neither in the assignment of errors nor in counsel's printed brief is the point now suggested made, but it was discussed in the oral argument, and was in this manner brought to the attention of the court. The point made and discussed in the oral argument, and now presented by plaintiff's brief, is stated by counsel as follows: "The defendant's bill of exceptions upon which the motion for a new trial was granted fails affirmatively to show that the ruling, for the error in which a new trial was granted, was excepted to by the defendant, or was excepted to at the time the ruling was made, or was even excepted to at the trial." The part of the bill of exceptions pertaining to this question, as shown by appellant's abstract, is as follows: "Defendant then offered in evidence an order signed by the Hon. L. K. CHURCH, judge of said court, on the 10th day of December, 1886, sustaining and refusing to vacate the attachment aforesaid in the case of said Sawyer et al. v. James Hall. * * * To the admission of this order in evidence the plaintiff objected, on the ground that the same was

incompetent for any purpose, and immaterial. Whereupon the court used the following language: 'I will for the present reject your offer, because that would determine the action, and will let the case be tried upon another proposition.' Immediately after this language appearing in defendant's bill of exceptions came the following words in parentheses, 'Exception taken.' " Counsel for plaintiff claim that the term "Exception taken" does not show that it was taken by defendant, or that it was taken during the trial; and they contend that an exception relied on must affirmatively appear in the bill of exceptions to have been taken or reserved by the party claiming the benefit of the exception, and that it was taken at the time the ruling was made, or at least during the trial. This, no doubt, is the general rule. U. S. v. Carey, 110 U. S. 51, 3 Sup. Ct. Rep. 424; Stanton v. Embrey, 93 U. S. 548; Barton v. Forsyth, 20 How. 532; Railroad Co. v. Moore, 37 Mo. 342. By Section 5079, Comp. Laws, it is provided "that * * * the exception must be taken at the time the decision is made, except as provided in Section 5080;" and by Section 5081 it is provided that "no particular form of exception is required," etc. When, therefore, the exception appears by the bill of exceptions to have been in fact taken, courts will construe the record liberally, in furtherance of justice, and will not allow a party to be deprived of the benefit of his exception by any mere technical defect in the form of stating the exception. In Simpson v. Dall, 3 Wall. 469, the bill of exceptions stated the exception as follows: "The defendants except." Counsel urged in that case that the form indicated that the exception was taken only when the bill of exceptions was settled. But Mr. Justice DAVIS, speaking for the court, says: "It is a fair inference from the bill of exceptions that the defendant excepted * ** when the court decided to admit it, [the evidence,] and it is also an equal inference that they also excepted before the jury retired." In this case we think that it is sufficiently clear that the exception was taken at the time the ruling was made, and by the defendant, as the words "Exception taken" immediately follow the ruling of the court, as set forth in the bill of exceptions, and

is followed by other evidence on the part of defendant. If, however, we had any doubt on this point, we are of the opinion that appellant cannot raise the question for the first time in this court. It nowhere appears from the record that any objection was taken in the court below to the sufficiency of the exception. Within 20 days after the first trial counsel for defendant served a notice of intention to move for a new trial, in which they made, as the fifth ground of their motion, the error of the court in excluding the evidence referred to, in which it is stated; "which ruling of the court was duly excepted to by the defendant." This statement was not controverted on the hearing of the motion for a new trial, though counsel for plaintiff did object to the motion on other grounds discussed by the court in its opinion. The counsel, the learned judge who heard the motion and granted the new trial, and the learned judge who settled the bill of exceptions, seem to have all assumed that the exception was properly taken. It is therefore, we think, too late to raise the question for the first time in this court. The counsel for plaintiff also contend that the court below erred in holding that the decision of the court upon the motion to vacate attachment proceedings was a bar to this action; but that question was fully considered by the court, and discussed in its opinion, and we see no reason for changing our views upon that question. The judgment of the court is therefore affirmed, and the opinion will stand as the opinion of the court. All the judges concurring.