## LINDSAY v. PETTIGREW.

1. When a complaint states that plaintiff was at the time he procured defendant to effect certain insurance, and now is, the owner of the property destroyed by fire, and the evidence admitted without objection conclusively shows that plaintiff owned the property at the time the loss occurred, an objection, made for the first time in this court, that such complaint does not state facts sufficient to constitute a cause of action, in that it fails to allege that plaintiff owned the property at the time of its destruction, is not available.

2. A person who takes money belonging to another, under an express agreement to procure insurance, and unjustifiably fails to secure the same, or make an effort in that direction, thereby assumes the risk, and becomes liable, in case of loss, to pay as much of the same as would have been covered by the insurance policy for which such person has paid, provided the same had been procured as directed.

(Syllabus by the Court. Opinion filed July 17, 1894.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Action to recover upon a contract. Judgment for defendant. Plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Joe Kirby* and *C. S. Palmer*, for appellant.

An agent, who, for a valuable consideration, agrees to effect insurance, or by custom of his employment is required to

do so, neglecting to so insure is answerable to his principal for the loss which he may thereby suffer. Sedg. Mess. Dam. 338; 3 Suth. on Dam. 9; Park v. Hammond 4 Camp. 344; Perkins v. Ins. Co., 4 Cow. 645; Monie v. Summeral, 2 Wash. C. C. 203; Thorne v. Deas, 4 John 84; Webster v. DeTassett, 7 T. R. 157; Mallough v. Barler, 4 Camp. 150; Shornfeld v. Flecher, 73 Ill. 404; Beardsley v. Davis, 52 Barb. 159; Chandler v. Olenich, 5, Bring. N. C. 58; Gray v. Murray, 3 John Ch. 167; Smith v. Sasceller, 2 T. R. 187.

*Bailey* and *Voorhees,* (*Stoddard & Wilson, of counsel*) for respondent.

An agent is not liable to third parties for acts of negligence or for non-performance of duty, as such he is only responsible to his principal and the principal to the third party. 1 Am. E. Enc. of Law, 406; Calvia v. Holbrook, 2 N. Y. 126; Montgomery v. Albany, 7 N. Y. 459; Denny v. The Manhatten, 2 Denio 115; Hall v, Landerdale, 46 N. Y. 70. An agent having authority to effect insurance may make a verbal contract therefor which is binding upon his principal. 1 Wood Fin. Ins. § 9; Sanborn v. Tiremens Ins. Co. 16 Gray, 448; Walker v. Metro Ins. Co., 56 Maine, 371; May on Ins. § 23.

FULLER, J. On the 30th day of September, 1885, and for more than two years thereafter, plaintiff and appellant was the owner of a certain tract of land, on which was situated a frame house worth about $300. On the above mentioned date, one Nellie D. Pettigrew, through her brother, the defendant and respondent, took a mortgage on said premises to secure a loan for $600. As a part of the transaction, and as a further security, respondent, who was an insurance agent or broker, required appellant to deduct $5 from the proceeds of the loan, as payment for a $250 fire insurance policy, which respondent agreed to secure or effect on said premises for a term of five years, and to make payable, in case of loss, to his sister, the mortgagee, as her interest might appear, and to appellant in case a loss occurred during the life of the policy, after the mortgage in-

debtedness had been satisfied.   Respondent failed to procure or effect the insurance, and on the 6th day of January, 1886, the house, valued at $300, was totally destroyed by fire.   Plaintiff paid the indebtedness secured by the mortgage, and instituted this suit against defendant to recover the amount for which he agreed to have the house insured.   Upon the foregoing state of facts which were undisputed, the court directed a verdict and entered judgment in favor of the defendant, and plaintiff ap- peals.

It is urged by counsel for respondent that the complaint fails to allege that plaintiff was the owner of the property at the date of its destruction by fire, or that he had at that time an insurable interest therein, and that said complaint does not, therefore, state facts sufficient to constitute a cause of action. The complaint states that plaintiff was at the time he procured defendant to effect the insurance, and now is, the owner of the property; and plaintiff also testified at the trial that he was the owner of the property on the day the defendant received from him the $5, and agreed to have the property insured, and that he continued to own said property for more than two years thereafter, and that the house was destroyed in about three months after the parties entered into this agreement, and that he was damaged thereby in the sum of $300.   While the allega- tions as to the ownership at the time of the loss might have been more specifically stated, the evidence upon that subject— which is undisputed—clearly settles the question, and there is no merit in respondent's contention.

Counsel for respondent maintain, in support of the judg- ment, that, if the complaint alleges and the evidence estab- lishes a cause of action in favor of appellant, it is against some insurance company, for which respondent was acting as agent, and not against the respondent personally; and to this proposi- tion we will direct our attention.   It appears that respondent was engaged in the insurance business, as agent for numerous companies; but, as no particular company was mentioned as

the one in which appellant's property was to be insured, it is quite evident that no company is liable, and, unless a cause of action exists against respondent, appellant is without a remedy, and the judgment must be sustained.     Where an agent, failing to disclose his principal, enters into a contract of such a character and in such a manner that it can be made effectual only by making the agent liable for a breach thereof, such agent will be personally bound, unless a different intention clearly appears from the terms of such contract; and under the circumstances of this case, if it should appear that respondent was the agent of numerous insurance companies, and not the agent of appellant in the transaction under consideration, that fact might not be sufficient to relieve him from personal liability. 1 Am. & Eng. Enc. Law, 406 and cases cited.     Respondent's object in requiring appellant to insure the house was to increase the security for the loan, and at the same time enable him to procure the usual commission or compensation connected with a transaction of that character.     The money was paid, and the arrangement was consummated by which the insurance was to be procured, without any intimation as to the company in which the same was to be placed; and we are disposed to regard the relation existing between appellant and respondent as that of principal and agent, and to hold that an agent who takes his principal's money under an express agreement to procure insurance, and unjustifiably fails to secure the same or make an effort in that direction, thereby assumes the risk and becomes liable, in case of loss, to pay as much of the same as would have been covered by the insurance policy for which his principal had paid, provided the same had been procured as directed.     Mechem, Ag. 475; 3 Suth. Dam. 9; Perkins v. Insurance Co., 4 Cow. 645; Thorne v. Deas, 4 Johns, 84; Shoenfield v. Fleisher, 73 Ill. 404; Beardsley v. Davis, 52 Barb. 159; Gray v. Murray, 3 Johns, Ch. 169; Morris v. Summerl, 2 Wash. C. C. 203 Fed. Cas. 9,837. Appellant did all that was necessary, and all that he was required to do,

towards securing the insurance for which he had paid in full. He had a right to rely and did rely upon respondent to do that which he had promised and agreed to perform; and after the loss had occurred, and when he applied to respondent to have the same adjusted, he learned for the first time that the property had not been insured. The law of this case, applied to the facts before us, imposes upon respondent a liability; and the judgment is reversed, and the case is remanded for a new trial.