## LINDSAY V. PETTIGREW.

1. Where a complaint, though defective, is plainly amendable, but no objection is taken to it, and on the trial evidence is received without objection which supplies the defect in the complaint, a respondent cannot, in this court, for the first time, avail himself of such defect in the complaint to protect his judgment, obtained in the trial court upon other grounds, against errors affirmatively appearing in the record.

2. Where the record shows that such evidence was offered and received without objection, it will be presumed in this court that the objection was waived by the party who might have made it.

(Syllabus by the Court.   Opinion filed Oct. 23, 1894.)

Appeal from circuit court, Minnehaha county.  Hon. FRANK R. AIKENS, Judge.

This case was first decided by this court in an opinion found in 5 S. D. 500, 59 N. W. 726, in which opinion the judgment of the trial court in favor of the defendant was reversed. Respondent petitioned for a rehearing which is in this opinion denied.

*Joe Kirby* and *C. S. Palmer*, for appellant.

*Bailey & Voorhees* (*Stoddard & Wilson*, of counsel), for respondent.

KELLAM, J.   This is an application by respondent for a rehearing.   The opinion of the court, with a statement of the case, is published in 5 S. D. 500, 59 N. W. 726.   If we thought this opinion could be so read or interpreted as to teach the doctrine that respondent's counsel draws from it, we should readily grant a rehearing, or, more likely, review it on our own motion.   Upon the question of practice referred to, we understand the opinion to declare simply this:   That where, to entitle a plaintiff to recover, it is necessary for him to plead and show his ownership of property upon a certain day, and he alleges in his complaint that he was such owner on a previous day and on a subsequent day, and upon the trial he proves without objection that he was the owner on the intermediate day,

wher the ownership was necessary to invest him with a cause of action, the trial court cannot then, without committing error, direct a verdict against him on the ground that the complaint did not state a cause of action because it did not expressly allege ownership on such intermediate day. It is entirely true, as urged by respondent, that every presumption is in favor of the correctness of the action of the trial court, but we cannot presume or assume that something occurred at the trial to make right what the record before us affirmatively shows to be wrong.

Respondent says that, as a matter of fact, he did object to any evidence under the complaint because it was insufficient, and afterwards objected to the specific evidence of ownership on the day named; that the trial court erroneously ruled against him; that his objections were good, and entitled him to the verdict which the court awarded him on another ground. As we understand the argument of respondent, his claim is that, as to respondent, we should presume that these objections were made, although not shown by the record, and then, if we think the complaint insufficient in the respect indicated, declare the respondent entitled to judgment on that account. Such a rule would lead to very surprising results. Suppose the respondent, desiring to try the case on its merits, did not make any objection to the complaint, or the evidence offered under it. He was willing to and did waive his objection to the complaint. At the close of the trial he gets a verdict by the direction of the court. To sustain a judgment upon such verdict, as against positive error in other respects, requiring a reversal, can he, in this court, withdraw his waiver, and stand upon ground which at the trial he had in effect told the court and the adverse party that he did not and would not stand upon? Can he here say, in this case, that the errors shown by the record must be disregarded because the complaint is defective, and that the respondent is still entitled to take advantage of such defect, although as a fact he waived it at the trial? It would seem not,

and yet just such a case would come to this court with precisely the record of this case. There may be cases in which the complaint shows upon its face that no cause of action exists; defects that could not be supplied by evidence without an essential and radical change in the character of the complaint; such a defect as would not be cured by verdict. Such a complaint might be insufficient to support a judgment, and a respondent, doubtless, might protect his judgment in this court, on that ground, against the attack of appellant on ac count of error in other respects occurring on the trial. But this is not such a case. We are inclined to think, with the trial judge, that the complaint was itself sufficient; but, if defective in the respect named, the defect was such an omission as, under ordinary circumstances, any trial court would allow to be corrected by amendment on the trial. In our former opinion, we intended to rule, and we now adhere to it, that in such case —the record not showing that respondent made any objection to the complaint, or to the admission of evidence under it, but that such evidence was offered and received without challenge by respondent—he is not in position to avail himself here, for the first time, of such defect, to protect his judgment against errors affirmatively appearing in the record before us. To hold that he could would be to abrogate the rule that failure to raise a curable objection in the trial court is a waiver of such objection. We are unable to see why the same rule should not apply in such case as where a party fails to object to confessedly incompetent testimony. The effect of a failure to object is the same, whether by plaintiff or defendant, appellant or respondent. It is a waiver. Warder v. Ingli, 1 S. D. 155, 46 N. W. 181. If respondent really did in fact waive his objection to the complaint, and to the admission of evidence under it, he cannot now recover such lost right, and use it for any purpose. We have no means of knowing whether he did or not, except the record. It, in effect, says he did, because it shows that he was silent when such evidence was offered and received.

We do not think the cases cited by respondent are applicable to the question before us. Vassault v. Seitz, 31 Cal. 226, is the first, and a representative, one. There, plaintiff sued to recover possession of a lot. Defendant's answer, among other things, contained "a good and sufficient plea of the statute of limitations." The trial court found facts which sustained the plea, but, probably upon other grounds, gave judgment for defendant. On appeal it was contended that, as, "that point was not urged in argument in the district court by the counsel of defendants," he could not avail himself of it in the appellate court. The supreme court held otherwise, and put its decision upon what it found in the record. They say, "We have examined the transcript with much care, but without success, to find anything indicating a waiver of this defense." With a record in that case showing the statute expressly pleaded, a finding of facts to support the plea, and in absence of "anything in the record indicating a waiver" of it,—with nothing in or about the case to suggest a waiver, but the ommis'sion of defendant's counsel to urge the point in argument before the trial court,—we think it is not difficult to distinguish that case from this.

Counsel says the ruling complained of will necessitate the bringing to this court, in order to protect a respondent's rights, of the entire proceedings of the trial. We do not think so. We think it requires just such a record as is contemplated by section 5081, Comp. Laws; a record showing the questions passed upon by the trial court which are sought to be reviewed here, "with so much of the evidence or other matter as is necessary to explain it and no more." If the record brought here shows that respondent, on the trial, waived any amendable defect in the pleadings, or curable objection to the evidence, the waiver continues, and its effect is the same here as there. No new duty or burden is imposed upon the respondent. He is simply denied the right in this court to take a position which he waived on the trial, as shown by the only

inference deducible from the record. Suppose we affirm this judgment, as asked for by respondent. We must do it, notwithstanding we think we find prejudicial error in it, on the sole ground that the complaint was defective in the respect indicated, and that we will presume that on·the trial respondent raised such question, and that it was ruled against him. Even if we thought the complaint defective,—of which we entertain great doubt,—we could not do this, for we understand the plain teaching of the record, to which respondent assented, is that he waived the point, and the right to rely upon it.

Upon the second point, we see no reason to add anything to what Judge Fuller said in his opinion. We think that the evidence shows, while Pettigrew was the agent of his sister, the mortgagee, in making the loan to plaintiff and appellant, Lindsay, he undertook a distinct and independent service for him (plaintiff),—that of procuring insurance for him; that he asked and received compensation therefor, and was liable for a failure to perform. Petition for rehearing is denied.