## George v. Kotan *et al.*

1. Where plaintiff accepted service of an affidavit in support of a motion for change of venue, and allowed the same to be read without objection, he waived his right to object that the affidavit was not served with the notice of motion.

2. Laws 1901, p. 128, c. 103, § 1, provides that an action on a note against persons any one of whom resides in the state and was a party to the note when first delivered shall be tried in the judicial subdivision in which some defendant who was a party to the note when first delivered resides or may be served at the commencement of the action. Section 3 (page 129) declares an emergency on the ground that there was no statute to protect makers of notes from being sued in any county in which a person resides whom the holder of the note can induce to sign his name on the back thereof. Held, that where, in an action on a note, an unchallenged affidavit was filed by the maker in

support of a motion to change the place of trial, alleging that plaintiff
had no interest in the suit, but was made a party collusively by the
real owner, who indorsed the note for the purpose of laying the venue
of the action in a county other than that where the maker resided, de-
fendant was entitled to a change of place of trial as a matter of right.

(Opinion filed October 19, 1904.)

Appeal from circuit court, Lake county; Hon. JOSEPH
W. JONES, Judge.

Action by J. R. George against Jozeph Kotan and another.
From an order overruling a motion to change the place of trial,
defendants appeal.    Reversed.

*Adams & Coleman,* for appellants.

*George Rice* and *Lewis Benson,* for respondent.

FULLER, J.    This action upon a promissory note, which
it is alleged appellant Jozeph Kotan executed, and which his
codefendant A. D. Simmons indorsed, after the payee named
therein had assigned the same to respondent, was com-
menced in the circuit court of Lake county by the service
of the summons and complaint upon the indorser at his residence in Lake county, and upon appellant at his residence in
Moody county.    Promptly, and before the time for answering
had expired, appellant made demand in writing that the trial
be had in Moody county, and, upon such demand being refused,
a formal application, upon due notice to opposing counsel, was
made to the court for an order changing the place of trial to
the county of Moody, and this appeal is from an order over-
ruling such motion.

In addition to numerous affidavits used at the hearing, and
alleging that the convenience of the witnesses would be pro-
moted by a trial in Moody county, and that respondent had no

interest in the suit, and was made a party plaintiff collusively by A. D. Simmons, the real owner of the note, who indorsed the same for the purpose of laying the venue of the action in Lake county, the following unchallenged affidavit, of which due and legal service was admitted on the 29th day of August, 1903, was presented to the court: "E. G. Coleman, being first duly sworn, deposes and says he is one of the attorneys for the defendant Jozeph Kotan, above named, and resides in Flandreau, Moody county, South Dakota; that said action is brought on an alleged promissory note alleged to have been executed and delivered by said defendant Jozeph Kotan; that said Jozeph Kotan is the sole alleged maker of said note in said action when said alleged note was first alleged to have been delivered, and the summons in said action was served upon the said Jozeph Kotan in the said county of Moody; that the convenience of witnesses in the trial of said action and the ends of justice would be promoted by a change of the place of said trial from the county of Lake to the county of Moody, in said state of South Dakota."

As respondent accepted service of the foregoing affidavit, and allowed the same to be read at the hearing without any objection, there is no presumption that the subject-matter thereof was disregarded by the court, and his right to object on the ground that the same was not served with the notice of motion has been waived. Warder, Bushnell & Glessner Co. v. Ingli, 1 S. D. 155, 46 N. W. 181; Hall v. Harris, 2 S. D. 331, 50 N. W. 98; Lindsay v. Pettigrew, 6 S. D. 130, 60 N. W. 744.

So far as material, section 101 of the Revised Code of Civil Procedure of 1903, being section 1, c. 103, p. 128, Laws 1901, is as follows: "An action upon a promissory note against per-

sons, any one of whom resides in the state at the commencement of the action and was a party to said note when first delivered, shall be tried in the judicial subdivision in which some defendant who was a party to said note when first delivered shall reside or may be served, at the commencement of the action. * * *" Section 3: "Whereas, there is no statute to protect makers of promissory notes from being sued in any county in which a person resides whom the holder of the note can induce to sign his name on the back thereof, therefore an emergency is hereby declared to exist and this act shall be in force from and after its passage and approval."

By virtue of the foregoing enactment appellant had the unassailable right to have the place of trial changed to Moody county, wherein he resided at the commencement of the action, and, while the reasons urged by respondent for retaining the case in Lake county might justify its subsequent removal from Moody county, respondent's affidavits, in which certain causes for removal are specified, were not entitled to consideration upon the hearing of the present motion. Smail v. Gilruth, 8 S. D. 287, 66 N. W. 452.

Respondent alleges that appellant is the party who executed and delivered the promissory note, and concedes that he is, and at the time of the commencement of the action was a resident of the judicial subdivision of Moody county, where he was served with the summons and complaint. It therefore follows that the application for an order directing that the action be tried in Moody county should have been granted, "subject, however, to the power of the court to change the place of trial in the cases provided by statute."

The order appealed from is reversed.